IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI, FLORIDA

CASE NO. **08-60012-CIV-COOKE/BROWN**

FILED by JC D.C.
ELECTRONIC

Jan. 3, 2008

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**JABARI ABDALLA NATTY,**

    **Plaintiff,**

-vs-

**CITY OF PLANTATION,**
**A Political Subdivision,**
**CITY OF PLANTATION POLICE DEPARTMENT**
**J. VELEZ, an individual, an in**
**Official capapity**

    **Defendant.**
_____/

## COMPLAINT

Plaintiff, Jabari Natty ("Natty"), by and through his undersigned counsel, sues Defendant, City of Plantation Police Department (" The Department")DEFENDANT J. VELEZ, and says:

1. Plaintiff is and at all times pertinent was a resident of City of Plantation, Florida and is sui juris.

2. Defendant City of Plantation is a governmental entity of the State of Florida.

3. Defendant J. Velez is a police officer employed by the Plantation Police Department and is an employee of City of Plantation, and is sui juris.

1

4. At all times relevant hereto and in all of her actions described herein, Defendant J. Velez was acting under color of law, within the scope of his employment and pursuant to his official capacity as a police officer of the Plantation Police Department and an employee of The City.

## VENUE AND JURISDICTION

5. A substantial part of the events or omissions giving rise to this claim occurred in City of Plantation, Florida.

6. This is an action for damages pursuant to 42 U.S.C. §1983 and other Federal and Florida law. Damages sought are in excess of the minimal jurisdictional limits of this Court, to wit, in **excess** of seventy-five thousand dollars ($75,000.00) exclusive of attorneys' fees, costs and interest.

## FACTS COMMON TO ALL CAUSES OF ACTION

7. On or about January 3, 2004, Plaintiff was unlawfully arrested by Officer Velez of the Police Department.

8. Plaintiff was on his way to the Barber shop (E Z Cuts) located at 4900 N.W. 7th Court, Plantation, Fl 33317. As Plaintiff was nearing the barber shop, Defendant Velez jumped out of his car, whipped out his night stick, grabbed Plaintiff, ripped his shirt, and forced Plaintiff to the ground.

2

9.  At that point the shop owner, commonly known as "Teddy", ran out of the shop and informed Defendant Velez, that he was the one who called "911", and that Plaintiff was not the person he called about.

10. Plaintiff then requested that Defendant Velez gave him his badge number as Defendant Velez has completely ripped Plaintiff's shirt.

11. Defendant Velez responded to Plaintiff: "Get the f**** out of here before I take you to jail."

12. Plaintiff then proceeded to walk home in the direction of his home as he lives near the shop.

13. Defendant Velez drove his unmarked car, blocked Plaintiff's path to his house, and jumped out of his car with his night stick drawn, and ran toward the Plaintiff to clubber him.

14. Plaintiff ran toward his house to seek protection from the unprovoked attack.

15. Defendant Velez jumped onto Plaintiff's back and started beating him, and rubbed his face into the dirt, while uttering: "You are not so tough now, are you?"

16. Defendant Velez continues beating Plaintiff in the presence of Plaintiff's neighbor.

17. Defendant Velez then proceeded to handcuff Plaintiff and took him Plantation General Hospital's Emergency Room.

18. Plaintiff remained at the Hospital until about midnight, at which time, he was taken to jail.

## COUNT I
## VIOLATION OF FOURTEENTH AMENDMENT RIGHTS
## AGAINST DEFENDANT VELEZ

Plaintiff re-alleges the allegations contained in paragraphs 1- 17 above as if fully set forth herein and would further state:

18. Plaintiff has a constitutional right to due process and to be free from unlawful arrest, imprisonment and prosecution from The Police, the City and their employees.

19. Defendant VELEZ was employed as a police officer with the City, at the time of the unlawful arrest and unlawful imprisonment.

20. Defendant VELEZ, knowingly, wantonly and willfully, and with deliberate and callous indifference, deprived PLAINTIFF of his constitutional protection of liberty and physical safety without due process of law in violation of the Fourteenth Amendment to the United States Constitution.

21. The actions of VELEZ in allowing the deprivation of PLAINTIFF's constitutional rights under color of state law as alleged herein was so arbitrary and unreasonable that they lacked substantial relation to the public health, safety and welfare of PLAINTIFF.

4

22. Defendant VELEZ failed to provide for the safety and physical well-being of PLAINTIFF when it was his duty and obligation to do so.

23. Plaintiff was deprived of their right to due process and protection from arbitrary government action. These due process violations, for which Defendant VELEZ is responsible, include but the unlawful apprehension, arrest, search, seizure, imprisonment and prosecution of Plaintiff, as required by the United States Constitution.

24. The failure of defendant VELEZ to lawfully perform his duties was the proximate cause of the deprivation of rights under the United States Constitution suffered by PLAINTIFF.

25. As a direct and proximate result of the acts of Defendant VELEZ, which was performed under color of state law and in violation of PLAINTIFF's rights to due process under the law, PLAINTIFF was damaged.

WHEREFORE, Plaintiff demand judgment against Defendants for compensatory damages, costs, attorneys' fees and such other relief as this Court deems just and proper.

## COUNT II
## VIOLATION OF § 42 USC 1983
## (J. VELEZ)

Plaintiff re-alleges and re-avers paragraphs 1-17 inclusive, as if fully set forth herein and would further state:

5

26. This is a cause of action for violation of Plaintiff's Civil Rights against Defendant J. Velez.

27. The acts or omission undertaken by City of Plantation and Defendant J. Velez, resulted in the violation of Plaintiff's Civil Rights and are in violation of the 42 USC §1983.

28. 42 USC § 1983 states as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

29. Plaintiff has a right to be free from all brutality by the Police, and ge free from unlawful arrest, search, seizure under the Constitution of the United State of America and the state of Florida.

30. Defendant VELEZ violated Plaintiff's civil rights by subjecting plaintiff to unnecessary and unprovoked beating and violence, when Defendant, as a public Officer, has a duty to protect and serve the Plaintiff.

6

31. Defendant VELEZ subjected Plaintiff to beating, in the plain view of his neighbor, rubbed his face in the dirt, and further unlawfully arrested him, by fabricating bogus charge against Plaintiff.

32. Plaintiff was charged, tried and acquitted of all the bogus charges by a jury of his peers.

33. As a direct and further result of the violation of Plaintiff's civil rights, Plaintiff was damaged.

34. WHEREFORE, Plaintiff demand judgment against Defendant VELEZ for compensatory damages, costs, attorneys' fees and such other relief as this Court deems just and proper.

## COUNT III
## VIOLATION OF § 42 USC 1983

Plaintiff re-alleges and re-avers paragraphs 1-17 inclusive, as if fully set forth herein and would further state:

18. This is a cause of action against City of Plantation for violation Plaintiff's Civil rights.

19. The acts or omission undertaken by City of Plantation, City of Plantation Police Department and Defendant J. Velez, resulted in the violation of Plaintiff's Civil Rights and are in violation of the 42 USC §1983.

7

20.     42 USC § 1983 states as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

21.     The City's rules and procedures for hiring, training, and supervising its police officers is insufficient to guarantee and protect the Civil Rights of Plaintiff.

22.     In the exercise of its duties, Defendant The City failed to hire, train and supervise Defendant J. Velez, in the exercise of its non-discretionary duties to guarantee and protect the civil rights of Plaintiff.

23.     Plaintiff was charged, tried and acquitted of all the bogus charges by a jury of his peers.

24.     As a direct and further result of the violation of Plaintiff's civil rights, Plaintiff was damaged.

25. WHEREFORE, Plaintiff demand judgment against Defendants for compensatory damages, costs, attorneys' fees and such other relief as this Court deems just and proper.

## COUNT IV
## NEGLIGENCE OF THE DEFENDANT CITY OF PLANTATION – NEGLIGENT HIRING

Plaintiff re-alleges and re-avers paragraphs 1-17 inclusive, as if fully set forth herein and would further state:

26. At all times material hereto, the Defendant **CITY OF PLANTATION**, had a duty to exercise reasonable care in hiring employees, servants, representatives and staff.

27. Defendant **CITY OF PLANTATION** knew, or in the exercise of reasonable diligence should have known, that Defendant VELEZ**,** employee of CITY OF PLANTATION, was incompetent and unfit to perform the duties for which he was employed and that an undue risk to persons such as **Plaintiff** would exist because of the employment.

9

**28.** Despite this advance knowledge, Defendant **CITY OF PLANTATION** breached its duty and hired Defendant VELEZ as employee in conscious disregard of the rights and safety of others.

**29.** As a result of this conscious disregard of the rights of Plaintiff, Plaintiff is entitled to an award of damages from Defendant **CITY OF PLANTATION.**

**WHEREFORE,** demands judgment against Defendant CITY OF PLANTATION for compensatory damages, costs, attorneys' fees and such other relief as this Court deems just and proper.

## COUNT V

## NEGLIGENCE OF THE DEFENDANT CITY OF PLANTATION – NEGLIGENT SUPERVISION

Plaintiff re-alleges and re-avers paragraphs 1-17 inclusive, as if fully set forth herein and would further state:

30.  At all times material hereto, the Defendant, **CITY OF PLANTATION POLICE DEPARTMENT**, had a duty to exercise reasonable care in supervising its agents, apparent agents, employees, servants, representatives and staff.

31.  Defendant **CITY OF PLANTATION POLICE DEPARTMENT** had a duty to exercise reasonable care to control its employees, Defendant **Velez**

and to prevent these employees from so conducting themselves as to create an unreasonable risk of unlawful arrest to persons such as Plaintiff under certain conditions, regardless whether these employees was acting within the scope of their employment or outside the scope of their employment.

32. Defendant City:

a. Negligently failed to adequately or reasonably investigate the matter involving the Plaintiff;

b. Negligently failed to appropriately staff its police department;

c. Negligently failed to follow-up, with appropriate steps, and take the appropriate actions that was required under the circumstances;

d. Negligently failed to take adequate steps for the protection of the persons such as Plaintiff; and

33. At the time of their failure to properly conduct their non-discretionary duties, Defendant **Velez,** employee of Defendant **CITY OF PLANTATION POLICE DEPARTMENT,** was conducting field investigation, and negligently ignored the evidence from the shop owner that Plaintiff was not involved in any matter. Defendant Velez' blatant disregard resulted in the Plaintiff' unlawfully arrest, unlawful beating, violation of his Civil Rights, unlawful prosecution, unlawful incarceration.

11

34. Defendant CITY OF PLANTATION POLICE DEPARTMENT knew or had reason to know that it had the ability to control its employee, Defendant **Velez** and knew or should have known of the necessity and opportunity for exercising control.

35. Defendant CITY OF PLANTATION POLICE DEPARTMENT negligently failed to supervise Defendant **Velez** in the performance of his non-discretionary duties, including but not limited to his duty to:

a. adequately and reasonably investigate the unlawful arrest.

b. Protect citizens not involved in any violation of the law such as Plaintiff;

c. follow-up, with appropriate steps, and take the appropriate actions that was required under the circumstances;

36. Despite Defendant 'S **CITY OF PLANTATION POLICE DEPARTMENT's** ability to supervise Defendant **Velez** as employee, CITY OF PLANTATION supervisory employees negligently failed to use reasonable care in the oversight and supervision of these employees and permitted the CITY OF PLANTATION employees involved in this matter to (a) not follow CITY OF PLANTATION rules, (b) not comply with CITY OF PLANTATION operational procedures and (c) not carry out their assigned duties.

**37.** Defendant CITY OF PLANTATION negligently failed to do so in conscious disregard of the rights and safety of others. As a result of this conscious

disregard of the rights of Plaintiff' rights, Plaintiff is entitled to an award of damages against Defendant **CITY OF PLANTATION.**

38. As a direct and proximate result of the negligence of Defendant, **CITY OF PLANTATION**, by and through its employees, acting within the course and scope of their employment and/or agency, Plaintiff was unlawfully arrested.

**WHEREFORE,** demands judgment against Defendant CITY OF PLANTATION for compensatory damages, costs, attorneys' fees and such other relief as this Court deems just and proper.

## VERIFICATION

I, JABARI ABDALLA NATTY, being duly sworn state as follows:

1. I am a plaintiff in the above-styled cause of action.

2. I hereby certify that I have read the complaint filed in this lawsuit and that the facts alleged therein are true.

FURTHER AFFIANT SAYETH NAUGHT

_____
JABARI ABDALLA NATTY

SWORN and SUBSCRIBED before me this _____th day of January 2008 by JABARI A. NATTY, who has presented his Florida Driver License (N300-421-80-056-0) as Identification, and took an oath.

NOTARY PUBLIC-STATE OF FLORIDA
Franz Jobson
Commission # DD572607
Expires: JULY 10, 2010
BONDED THRU ATLANTIC BONDING CO., INC.

RESPECTFULLY SUBMITTED

                **JOSEPH W. GIBSON, P.A.**
                19 West Flagler Street
                Suite 620
                Miami, FL  33130
                Tel: (305)377-2525
                Fax- (305)377-2528

                **By: JOSEPH W. GIBSON, ESQ.**
                FBN: 344494

1

RESPECTFULLY SUBMITTED

**JOSEPH W. GIBSON, P.A.**
19 West Flagler Street
Suite 620
Miami, FL 33130
Tel: (305)377-2525
Fax- (305)377-2528

By: JOSEPH W. GIBSON, ESQ.
FBN: 344494

1

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
JABARI ABJALLA NATTY

**DEFENDANTS**
City of Plantation, et al.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)
Broward  08-60012-CIV-Cooke/Brown

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Joseph W. Gibson PA
19 W. Flagler St. Ste 20
Miami FL 33130  305-577-2525

ATTORNEYS (IF KNOWN)
Jose

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, **BROWARD**, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | B☐ 540 Mandamus & Other | A☐ 791 Empl. Ret. Inc. Security Act | A☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

LENGTH OF TRIAL
via ___ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**  CHECK IF THIS IS A **CLASS ACTION**  ☐ UNDER F.R.C.P. 23    DEMAND $ _____    CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 1.3.07
SIGNATURE OF ATTORNEY OF RECORD: /s/ JWG

**FOR OFFICE USE ONLY**
RECEIPT # 92572  AMOUNT $350.00  APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____
01/03/08

16 of 16